UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BODIE WITZLIB,

   Plaintiff,

v.                Case No. 15-CV-007

KATHY DAVIS & JAMES JUDDS,

   Defendants.

## ORDER

Plaintiff Bodie Witzlib filed a pro se complaint under 42 U.S.C. § 1983 against two employees of the Northern Waupaca County Joint Municipal Court in which Plaintiff claimed his double jeopardy rights were violated when he received two consecutive suspensions of his Wisconsin driver's licence for two municipal tickets he received on July 1, 2011. This court dismissed the complaint *sua sponte* because the only federal cause of action failed to state a claim and the court lacked subject matter jurisdiction over Plaintiff's remaining state law claims. On January 20, 2015, Plaintiff filed a motion to amend his complaint in which Plaintiff requests leave to amend so he can show "the incident was actually criminal and that plaintiff could have been arrested and was punished criminally with a suspension of his driver's licence . . . ." (ECF No. 8 at 1.) Contrary to local rule, however, Plaintiff did not actually file the proposed amended complaint with his motion. *See* Civil L.R. 15(b). In any event, Plaintiff also filed a notice of appeal on January 20 and therefore this court lacks jurisdiction to grant Plaintiff leave to amend his complaint. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986). For that reason, Plaintiff's motion to amend as well as the motion "to electronically file" he also filed January 20 will be denied.

Plaintiff has also filed an application to proceed *in forma pauperis* on appeal. There are two grounds for denying in forma pauperis status to an appellant: he has not established indigence, or the appeal is in bad faith. *See* 28 U.S.C. §§ 1915(a)(2)-(3). Plaintiff's affidavit establishes indigence, which leaves the question of bad faith.

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California,* 386 U.S. 738 [1967]); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's complaint I determined that he had failed to state a claim for relief in his only federal cause of action because the U.S. Constitution's double jeopardy clause does not apply to civil proceedings. I do not, however, conclude that Plaintiff's claim is a frivolous one in the sense that no reasonable pro se person could suppose it had any legal merit. Thus, I will grant the plaintiff's request to proceed in forma pauperis on appeal.

IT IS THEREFORE ORDERED that the plaintiff's request to proceed in forma pauperis on appeal is hereby GRANTED. Plaintiff's motion to amend (ECF No. 8) and motion to electroncially file (ECF No. 9) are DENIED.

Dated this  22  day of January, 2015.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court